Gholson, J.
The act of April 30, 1852, “ to provide for compensation to the owners of private property appropriated to the use of corporations,” confers a special and limited jurisdiction upon the probate court. It can only take jurisdiction of such cases as the provisions of the statute direct. To present a case for its action, a statement must be filed with the probate judge, showing that the corporation wishes to make the appropriation described, and is unable to agree with the owner of the property sought to be appropriated. The subsequent proceedings which the act authorizes, and especially the judgment which it directs to be entered on the ver diet of the jury, show that the object is to give the use and possession of the property which the corporation desires to appropriate, and not to provide a mode of assessing the value or worth of property, or interests in it, already in the possession of the corporation, under an agreement with the owner. The proceeding is also shown, by the provisions in relation to it, to be one in which the corporation is to be the actor, and, in analogy to other proceedings, we think, that at any time, at least before the submission of the inquiry to the jury, the corporation would have the right to discontinue.
Assuming these views to be correct, as applicable to an *501 ordinary proceeding under the act, it is manifest that the present proceeding can only be sustained on the ground that it was had in virtue of the decretal order of the court of common pleas, in the suit in chancery pending between the parties. This leads to the inquiry, whether it was competent for the probate court to exercise a jurisdiction conferred, not by the statute, but by the order of another court. And we think it was not within the competency of the court of common pleas to confer, or of the probate court to acquire and exercise, jurisdiction in this mode.
It may be that the order of the court of common pleas might have been enforced by requiring the company to present the case in such a form as to show one proper for the jurisdiction of the probate court, and by restraining the company from discontinuing the case after it had been once commenced. But this could only be done by acting on the company, and not through the aid or instrumentality of the probate court. That court could only regard what the company in fact did, and not what it ought to have done, in obedience to the order of the court of common pleas. The probate court could only look to the statute under which it was acting, and govern itself by the provisions of that statute. The order of the court of common pleas could not warrant a deviation from those provisions.
It is argued for the defendant in error, that the company was in the probate court of its own choice, and its answer and the decretal order in the chancery suit, are relied on as showing that the proceeding in the probate court was with its consent. Consent can not give jurisdiction where jurisdiction can not properly be taken. We are to determine as to the wish of the company and the character of the case from its statement in the probate court, and not from anything that may have previously occurred. That statement-shows that the company were acting under compulsion, and not willingly; that it already had possession of the land, under an agreement with Marshall; and that the only question was one of compensation for property already appropriated by that agreement. The statement shows an unwillingness to come into *502 the probate court, and the record discloses an anxiety to get out; and this anxiety was manifested by a motion to discontinue the proceeding, which motion could be properly refused only on the ground that the other party had the right to have the proceeding retained, to carry into effect the order of the court of common pleas, and secure a recovery of damages for the use of land already in the possession of the company.
The suit in chancery presented a proper case for relief. Justice required that the failure of the arbitration should not prevent Marshall from obtaining a just and proper compensation for any loss or damages he had sustained from the occupation of his land by the company. But if this occupation was had under an agreement to pay such damages, it is very questionable whether it would be right to apply, for their ascertainment, a measure or rule not recognized at the time of the transaction, but which subsequent legislation, not within the contemplation of the parties, brought into existence. If there was such agreement, the court of common pleas might have ascertained the damages by reference to a master, or by an issue framed for the purpose, and to be tried in that court. But we are aware of no law which could authorize the common pleas to send, or the probate court to receive, any such issue; and we are satisfied that the law does not permit the proceedings of the probate court, under the act providing for the appropriation of private property to the use of corporations, to be controlled or modified by an order of the court of common pleas.
Our conclusion is, that the jurisdiction of the probate court, in the proceeding under examination, can not be sustained. The judgment must be reversed, and the proceeding in the probate court be dismissed for want of jurisdiction.

Judgments of common pleas and prolate court reversed; and proceeding in probate court dismissed for want of jurisdiction.

Scott, C.J., and Sutliff, Peck and Brinkerhoff, JJ., concurred.